**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-277(1) |
| | § | C.A. No. C-05-572 |
| VINCENT EDWARD ALEXANDER, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER SETTING
EVIDENTIARY HEARING AND APPOINTING COUNSEL**

Pending before the Court is Vincent Edward Alexander's ("Alexander") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (D.E. 148).[1] Also before the Court is the government's response, which includes a motion to dismiss. (D.E. 157, 158). For the reasons set forth below, the Court withholds ruling at this time on all grounds for relief in Alexander's motion, except for the claim that he was denied effective assistance of counsel based on his counsel's alleged failure to file a notice of appeal. As to this claim, the Court orders an evidentiary hearing. If, at the conclusion of the hearing, the Court denies Alexander's motion on that issue, it will then address his remaining ground.

**I. JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. § 1331.

---

[1] Docket entry references are to the criminal case, CR. No. C-04-277.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On June 9, 2004, Alexander was charged in a two-count indictment, along with co-defendant Saby Moreno.  (D.E. 1).  Count One charged Alexander with conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).  Count Two alleged that Alexander knowingly and intentionally conspired to conduct financial transactions affecting interstate and foreign commerce knowing that the financial transactions involved the proceeds of the distribution of controlled substances, with the intent to promote the carrying on of the unlawful activity, namely the buying, selling, concealment and distribution of controlled substances, and knowing that the transactions were designed to control and disguise the nature, location, source, ownership and control of the proceeds and knowing that the transactions were designed in whole or in part to avoid a transaction reporting requirement under state or federal law, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956 (a)(1)(B)(i) and 1956 (a)(1)(B)(ii).  (D.E. 1).

On September 20, 2004, the Defendant pleaded guilty to both counts. (D.E. 87). There was no binding written plea agreement.  (Id.).  Pursuant to this Court's Order, the probation department prepared a Presentence Investigation Report ("PSR").  (D.E. 88, 107). On December 1, 2004, Alexander was sentenced to 120 months in the custody of the Bureau of Prisons as to each count, to be served concurrently, and a three-year term of supervised release on Count Two and a five-year term on Count 1, to be served

concurrently. The Court also imposed a $2000 fine and $200 special assessment. (D.E. 110, 115). Judgment was entered December 3, 2004. (D.E. 115).

Alexander's retained counsel for most of the underlying proceedings, including the plea and sentencing, Lott J. Brooks III, filed a timely notice of appeal on Alexander's behalf. (D.E. 112). Although the filing fee was paid,[2] the transcripts needed to prosecute the appeal were never ordered, nor did Alexander file a motion to proceed on appeal *in forma pauperis* or for appointment of counsel. Additionally, Mr. Brooks never moved to withdraw. On January 19, 2005, the Fifth Circuit dismissed Alexander's appeal for failure to timely make arrangements with the court reporter to order the transcripts. (D.E. 123).[3]

Alexander filed the instant § 2255 motion on April 28, 2005. (D.E. 148). It is timely.

## III. ANALYSIS

In Alexander's first ground for relief, he claims that he asked his retained counsel to file an appeal on his behalf, and that his counsel failed to prosecute the appeal. The government provides an affidavit from Alexander's counsel directly contradicting that assertion. In his affidavit, Mr. Brooks avers as follows:

---

[2] According to Mr. Brooks' affidavit, his office paid the fee to preserve Alexander's appellate rights.

[3] Strangely, on February 14, 2005, almost a month *after* the appeal was dismissed, Mr. Brooks filed on Alexander's behalf a document asking that the Court unseal the defendant's record of the sentencing to allow it to be transcribed for purposes of appeal. (See D.E. 122). It thus appears from this that Mr. Brooks was still involved to some degree in Mr. Alexander's case, even at that point.

> Mr. Alexander was informed by my office very specifically that we would set up his appeal but that we would not be representing him because his family was unable to finance an appeal.
>
> I went so far as to pay the filing fee personally but informed him that he needed to seek indigent status to have the court provide legal counsel. Petitioner claims to be in full "respective obligations" but in fact counsel was never fully compensated for his case in chief and his family made it very clear that they could not finance an appeal for Petitioner by their own means.
>
> It is my belief that petitioner perceives "misinformation" to be our willingness to pay Petitioner [sic] filing fee for his appeal. My office paid the fee in effort [sic] to protect petitioner's right on appeal.

(D.E. 158, Exh. A, Lott Brooks Aff. at 1).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035 (2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id., at 484, 120 S. Ct. at 1039. Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied. Rodriguez v. United States, 395 U.S. 327, 330, 89 S. Ct. 1715, 1717 (1969).

Applying these standards to the instant case, the Court concludes that Alexander is entitled to an evidentiary hearing to determine what communications took place between

him and Mr. Brooks regarding his appeal.  The Court simply is unable to determine on the current record that Alexander is not entitled to relief, because the issue will turn on the credibility of the parties.  Accordingly, an evidentiary hearing will be held to resolve this sole issue.  See Rules Governing Section 2255 Proceedings 8.

As to the other grounds for relief raised in Alexander's motion, it is unnecessary for the Court to address them at this time.  If the Court rules in Alexander's favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal).  If that occurs, it will be unnecessary to address Alexander's remaining claims until after the resolution of his direct appeal.  Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion).  If, at the conclusion of the hearing, the Court denies Alexander's ineffective assistance claim concerning the failure to appeal, it will then address Alexander's remaining ground for relief.

## IV.  CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing on the limited issue of whether Alexander was denied effective assistance of counsel due to his counsel's alleged failure to appeal.  Alexander is entitled to be represented by counsel at the hearing. See Rules Governing Section 2255 Motions 8(c).  Accordingly, the Court appoints Jason Bradford Libby of the Office of the Federal Public Defender, to represent Alexander at the evidentiary hearing.  The Clerk is directed to forward a copy of this order to Mr. Libby, in addition to Alexander and counsel for the United States.

An evidentiary hearing is set for Tuesday, November 28, 2006, at 9:00 a.m.

It is so ORDERED this 6th  day of October 2006.

_____
HAYDEN HEAD
CHIEF JUDGE