IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff/Respondent, | §<br>§<br>§ | |
| V. | §<br>§ | CR. No. C-04-277(1)<br>C.A. No. C-05-572 |
| VINCENT EDWARD ALEXANDER,<br>　　Defendant/Movant. | §<br>§ | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Vincent Edward Alexander's ("Alexander") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 148).[1] On November 28, 2006, an evidentiary hearing was held regarding Alexander's claim that he was denied effective assistance of counsel due to his trial counsel's failure to continue his direct criminal appeal.

For the reasons set forth by the Court at the conclusion of the hearing, the Court finds that Alexander was denied ineffective assistance of counsel when his sentencing counsel failed to pursue his appeal, and instead abandoned Alexander during the appellate process. The Court finds that Alexander's counsel, Lott J. Brooks, Jr., filed a notice of appeal on Alexander's behalf, signed by Brooks as counsel, but then he failed to order transcripts, or otherwise pursue Alexander's appellate rights. Brooks admitted during the evidentiary hearing that he was not admitted to practice before the Fifth Circuit, and that he did not seek such admission in this case.

---

[1] Docket entry references are to the criminal case, CR. No. C-04-277.

1

Brooks further claimed that he did not believe he became counsel of record simply by filing the notice of appeal with his name on it, but admitted that he never explained in writing to anyone at the Fifth Circuit that he was not Alexander's counsel. Because he remained listed as Alexander's counsel, he received communications from the Court, but Alexander did not. He never moved to withdraw. He acknowledged that, had he thought about it, he would have filed a *pro se* notice of appeal on Alexander's behalf.

Brooks admitted that the Court's records reflected that he received the judgment of the Fifth Circuit dismissing Alexander's appeal. He also testified that he did not have any conversation with Alexander to inform him that his appeal had been dismissed, nor did he mail the notice of dismissal to Alexander.

Brooks did not seek to reinstate Alexander's appeal, nor did he assist his client in any way to obtain other counsel or to prosecute the appeal himself. Based on all of the above findings, the Court concludes that Brooks' ineffectiveness denied Alexander his desired appeal.

At the conclusion of the evidentiary hearing, the United States agreed that Alexander had received ineffective assistance with regard to Brooks' failure to prosecute the appeal, and urged the Court to reinstate the judgment to allow Alexander to pursue an out-of-time appeal. This is the proper course of action to remedy the deficiencies by Brooks. See United States v. West, 240 F.3d 456 (5th Cir. 2001).

Accordingly, the Court directs the Clerk to reinstate Alexander's criminal judgment. See West, 240 F.3d at 459 (5th Cir. 2001) ("when leave to file an out-of-time appeal is granted, the

district court should *reinstate* the criminal judgment to trigger the running of a new Rule 4(b) appeal period.") (emphasis in original). Alexander shall file his notice of appeal within ten days after the entry of judgment. Rule 4(b), Fed. R. App. P.

Furthermore, Alexander's motion under 28 U.S.C. § 2255 is DISMISSED WITHOUT PREJUDICE. See West, 240 F.3d at 460 (clarifying that "part of the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice"); United States v. Joubert, 273 F.3d 1099, 1099 (5th Cir. 2001) (unpublished) (vacating the district court's grant of § 2255 relief and remanding with instructions for district court to dismiss the § 2255 motion without prejudice and to re-enter its sentencing judgment so that the defendant could pursue an out-of-time appeal).[2]

Additionally, based on Alexander's motion to proceed *in forma pauperis*, (D.E. 161), the Court finds both that he is entitled to proceed on appeal *in forma pauperis* and that he is entitled to appointed counsel in his direct criminal appeal. Accordingly, his motion to proceed *ifp* (D.E. 161) is GRANTED and the Court appoints the Office of the Federal Public Defender to represent Alexander on appeal.

Finally, at the conclusion of the hearing, Alexander's appointed counsel, Jason Libby, requested that the Court issue a recommendation to the Bureau of Prisons that Alexander be housed in the Federal Detention Center in Houston, so that he could be close to counsel and

---

[2] In light of the Court's ruling on Alexander's § 2255 motion, both the government's motion to dismiss (D.E. 158) and Alexander's letter motion seeking copies or the disclosure of bond information (D.E. 174) are DENIED WITHOUT PREJUDICE.

assist with his appeal. As the Court stated on the record, the Court grants that request. To the extent consistent with the Bureau of Prisons' objectives, the Court recommends that Alexander be housed at the Federal Detention Center in Houston.

## CONCLUSION

For ease of docketing, the Court hereby reiterates the rulings in this Memorandum Opinion and Order:

1. The Clerk is directed to re-enter Alexander's criminal judgment;

2. Alexander's § 2255 motion (D.E. 148) is DISMISSED WITHOUT PREJUDICE;

3. The government's opposed motion to dismiss (D.E. 158) is DENIED WITHOUT PREJUDICE;

4. Alexander's letter motion for the disclosure of certain documents pertaining to bonds (D.E. 174) is DENIED WITHOUT PREJUDICE;

5. Alexander's motion to proceed *in forma pauperis* (D.E. 161) is GRANTED;

6. The Office of the Federal Public Defender is hereby appointed to represent Alexander on appeal; and

7. The Court recommends to the Bureau of Prisons that Alexander be housed at the Federal Detention Center in Houston, to the extent that such housing is consistent with the BOP's security objectives.

It is so ORDERED this 28 day of Nov, 2006.

HAYDEN HEAD
CHIEF JUDGE