IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-277(1) |
| | § | |
| VINCENT EDWARD ALEXANDER, | § | |
| Defendant/Movant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On November 28, 2006, the Court held an evidentiary hearing to address a portion of Movant Vincent Edward Alexander's motion pursuant to 28 U.S.C. § 2255, <u>i.e.</u>, his claim that his lawyer failed to file an appeal despite Alexander's instructions to do so.  In an Memorandum Opinion and Order entered the following day, the Court dismissed Alexander's § 2255 motion without prejudice, and ordered that the original criminal judgment be reinstated in order to allow Alexander an out-of-time appeal.  (D.E. 186.)  The Court also granted Alexander's motion to proceed *in forma pauperis* on appeal and appointed the Federal Public Defender to represent him.  (D.E. 186.)  Alexander timely appealed and his appeal remains pending before the Fifth Circuit.  (D.E. 190; <u>see generally</u> Docket Sheet in <u>United States v. Alexander</u>, No. 06-41724 (5th Cir.).)

On March 27, 2007, the Clerk received from Alexander a *pro se* letter motion which he describes as a "Notice of Motions."  (D.E. 211.)  Attached to it were a number of other documents, most of which contain references to portions of the Uniform Commercial Code or

1

the "Federal Revenue Act" or contain legal terminology that is used in peculiar or inappropriate ways. Alexander claims that the attached documents were "read into the record" during the evidentiary hearing, but that "due to logistics problems and communication problems between the appointed counsels they were not prepared on the date of the hearing." (D.E. 211 at 1.)  He asks that the motions "be placed into the permanent record of the court." (Id.)

Alexander's motion is DENIED.  The record of the evidentiary hearing speaks for itself and the motions discussed during that hearing are clear from the record.  Thus, there is no need to place the motions "into the permanent record of the Court."  (D.E. 211 at 1.)

To the extent that Alexander is asking at this time for the relief in the attached motions, that relief is DENIED.  The attached motions request that the Court: (1) construe the statute in his criminal case in "harmony with common law" (D.E. 211 at 3-4); (2) immediately release him from custody because the Court allegedly does not jurisdiction over him (D.E. 211 at 5-6); (3) accept a bond on his behalf (D.E. 211 at 7); (4) order his former attorney to return artwork that belonged to Alexander and that Alexander allegedly gave only temporarily to his attorney (D.E. 211 at 8); and (5) recommend that the Bureau of Prison transfer and house him at the Federal Detention Center in Houston for the duration of his criminal proceedings (D.E. 211 at 9).

The Court has reviewed these documents and concludes that Alexander is not entitled to the relief sought in the first three.  Thus, those motions are DENIED.  As to his request for

an order requiring the return of artwork in the possession of his attorney, that is not an issue that is part of his criminal case.  If Alexander wishes to file a civil action against his attorney seeking the return of that property, he is free to do so.  His fourth attached motion is therefore DENIED WITHOUT PREJUDICE.  Finally, as to his request for this Court to recommend that he be housed in Houston during the pendency of his appeal, the Court has already made such a recommendation to the Bureau of Prisons.  (See D.E. 186 at 4 ("The Court recommends to the Bureau of Prisons that Alexander be housed at the Federal Detention Center in Houston, to the extent that such housing is consistent with the BOP's security objectives.").) Accordingly, his fifth and final attached motion is DENIED AS MOOT.

For the foregoing reasons, Alexander's motion to make his attached motions part of the evidentiary hearing record is DENIED.  Additionally, his attached motions are denied as set forth in the preceding paragraph.

It is so ORDERED this 24th day of April, 2007.


_____
HAYDEN HEAD
CHIEF JUDGE