IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-277(1) |
| | § | |
| VINCENT EDWARD ALEXANDER, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING WITHOUT PREJUDICE
MOTION FOR APPOINTMENT OF COUNSEL
AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*__**

On October 27, 2008, the Clerk received from Defendant Vincent Edward Alexander a motion for appointment of counsel and motion for leave to appeal *in forma pauperis*. (D.E. 228, 229.) In his motion for appointment of counsel, Alexander requests that the Court appoint him counsel to assist him in filing a motion pursuant to 28 U.S.C. § 2255. He also asks for leave to proceed *in forma pauerpis* in his future § 2255 case (D.E. 228 at 1; see also D.E. 229.)

As an initial matter, the Court notes that Alexander has no active proceedings before this Court warranting the appointment of counsel. Alexander previously filed a motion pursuant to § 2255. This Court denied that motion without prejudice but found that Alexander was denied effective assistance of counsel due to his attorney's admitted failure to prosecute Alexander's appeal. (D.E. 186.) The Court thus allowed him to proceed with an out-of-time direct appeal. (Id.) On November 13, 2007, the Fifth Circuit affirmed his criminal judgment in a per curiam opinion that also left open Alexander's right to raise an ineffective assistance claim in a § 2255 motion. (D.E. 222.) Alexander has not filed a petition for writ of certiorari. Additionally, he has not yet filed a

1

motion pursuant to 28 U.S.C. § 2255, or any other post-conviction motions, other than his motions addressed herein.

Although Alexander apparently seeks counsel to assist him in pursuing a § 2255 motion, there is no constitutional right to counsel in § 2255 proceedings. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted).  There are certain situations in the course of § 2255 proceedings in which the Court is required to appoint counsel. See, e.g., RULES GOVERNING § 2255 PROCEEDINGS 8(c) (requiring that counsel be appointed upon determination that an evidentiary hearing is required); id at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery").  Because Alexander has not yet filed a § 2255 motion, however, none of those situations are present here.  Thus, Alexander has not shown an entitlement to counsel.

For the foregoing reasons, Alexander's motion for appointment of counsel (D.E. 228) is DENIED WITHOUT PREJUDICE.  If Alexander files a § 2255 motion and an evidentiary hearing is ordered,  or discovery warranting the appointment of counsel  is required, the Court will *sua sponte* appoint counsel to assist Alexander.

Alexander has also filed an application to proceed *in forma pauperis*.  (D.E. 229.)  For purposes of filing fees, a motion filed under 28 U.S.C. § 2255 is essentially a continuation of the defendant's criminal case. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing § 2255 motion and indicating that it is not a civil action for purposes of the Prison Litigation Reform

Act).  In this district, no filing fee is required to file such a motion.  Accordingly, there is no need for *in forma pauperis* status in this matter.  Alexander's motion to proceed *in forma pauperis* (D.E. 229) is therefore DENIED.

## **CONCLUSION**

For the foregoing reasons, Alexander's motion for appointment of counsel (D.E. 228) is DENIED WITHOUT PREJUDICE and his motion to proceed *in forma pauperis* (D.E. 229) is DENIED  because no fee is required.

It is so ORDERED this 7th day of November, 2008.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE